

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2004

# USA v. Taveres Encarnacion

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Taveres Encarnacion" (2004). *2004 Decisions.* Paper 711.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/711

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-2809

UNITED STATES OF AMERICA

v.

JOSE TAVERES ENCARNACION,

Appellant

_____

On Appeal from the United States District Court
of the Virgin Islands, Division of St. Thomas and St. John
(Crim. No. 02-cr-00041)
District Judge: The Honorable Thomas K. Moore

_____

Submitted Pursuant to LAR 34.1

May 5, 2004

BEFORE: BARRY, AMBRO and SMITH, *Circuit Judges*,

(Filed: May 12, 2004 )

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge.*

Appellant Jose Taveres Encarnacion pled guilty to one count of conspiracy to possess

Ecstasy with the intent to distribute. He now challenges the District Court's decision to grant him a two-point reduction for his "minor" role in the conspiracy rather than a four-point reduction for a "minimal" role. Encarnacion challenges the sentence imposed by the District Court on June 4, 2003, contending that the District Court erred in making no independent findings for denying the reduction and that his role as courier in the scheme necessitated a classification of his role as "minimal" rather than "minor."[1] Because we find that the District Court did not err in refusing to reduce Encarnacion's guideline level for "minimal" participation, we will affirm.

## I.

Because we write only for the parties, we set forth only a brief recitation of the facts. On March 26, 2002, U.S. Customs inspectors at Cyril E. King Airport in St. Thomas, United States Virgin Islands intercepted Encarnacion while he was attempting to transport approximately 7,037 Ecstasy pills by concealing them in a removable reinforcement panel in his luggage. He agreed to cooperate with the agents and decribed for them a conspiracy to transport the pills from St. Thomas to Miami. Encarnacion pled guilty to one count of Conspiracy to Possess Ecstasy with Intent to Distribute.

At his sentencing hearing, Encarnacion argued for a four-level downward adjustment

---

[1] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612 and we exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 48 U.S.C. § 1613.

as a minimal participant pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 3B1.2.[2]  The District Court Judge declined to grant a four-level decrease, stating, "I agree with the probation officer's assessment," and, "I think it's appropriate that Mr. Encarnacion receives a minor role and that [his co-defendant] receive minimal."  The District Court Judge also noted that the amount of drugs "seem[ed] like a lot," and sentenced him to the "minimum of 37 months."

## II.

This Court reviews the District Court's factual findings as to a § 3B1.2 minimal or minor role adjustment for clear error. *United States v. Haut*, 107 F.3d 213, 218 (3d Cir. 1997); *see also United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989) ("Minimal participant status is . . . itself a factual determination.").  In *Haut*, we noted that "a simple statement by the district court together with some supporting facts of record concerning a defendant's status as a minimal participant is typically sufficient to settle the question." 107 F.3d at 217-18 (internal quotation omitted).

Although the District Court's explanation of its decision to decline Encarnacion's request for a four-level reduction for minimal participation is quite brief, the Court satisfied the requirements of *Haut*.  First, the District Judge noted that he *agreed* with the probation

---

[2]  U.S.S.G. § 3B1.2, "Mitigating Role," provides that "[b]ased on the defendant's role in the offense," the defense level is decreased by four levels "[i]f the defendant was a minimal participant in any criminal activity," by two levels [i]f the defendant was a minor participant in any criminal activity," and by three levels in cases falling between minimal and minor participation.

officer's assessment, rather than that he *relied* upon it, as Encarnacion suggests. The District Court also discussed the large quantity of drugs involved in the conspiracy. Further, he noted the relative roles of Encarnacion and his co-defendant by explaining that it was appropriate that Encarnacion receive only a minor role reduction while his co-defendant was entitled to a reduction for a minimal role.

The decision to grant or deny a reduction for a defendant's level of participation in a conspiracy depends on the relative culpability of the defendants. *See United States v. Perez*, 280 F.3d 318, 351-52 (3d Cir.), *cert. denied*, 537 U.S. 859 (2002); *see also Buenrostro*, 868 F.2d at 138 ("§ 3B1.2 turns upon culpability, not courier status."). Although Encarnacion was a courier in the scheme, the District Court's conclusion that he was entitled only to a downward departure for a minor role, as opposed to a minimal role, was justified on this record. Encarnacion was apprehended carrying over 7,000 Ecstasy pills, while his co-defendant was recruited merely to monitor Encarnacion and to identify him in Miami. In *United States v. Headley*, we noted that "'the culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" 923 F.2d 1079, 1084 (3d Cir. 1991) (quoting *United States v. Garcia*, 920 F.2d 153 (2d Cir. 1990)). In this case, although Encarnacion may not have known every detail of the scheme, he was clearly aware of its "scope and structure," and his participation was vital to its success. *Id.*

4

## III.

Because we conclude that the District Court did not err in denying Encarnacion's request for a four-level decrease for minimal participation under U.S.S.G. § 3B1.2, we will affirm the judgment of the District Court.

_____